**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| VUSURA TECHNOLOGY LLC, <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendant. | **NO. 2:25-CV-00871-JRG** <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT CISCO SYSTEMS, INC.'S UNOPPOSED MOTION FOR LEAVE TO
AMEND INVALIDITY CONTENTIONS**

**TABLE OF CONTENTS**

I.    BACKGROUND ................................................................................................ - 2 -

II.   LEGAL STANDARD........................................................................................ - 4 -

III.  ARGUMENT..................................................................................................... - 4 -

      A.    Cisco Exercised Diligence in Discovering Additional Evidence of
Invalidity and Revising to Address *Sotera* Stipulation................................. - 5 -

      B.    The Amendment Is Important Because it Includes Additional Evidence
That the Asserted Patents Are Invalid. ........................................................... - 6 -

      C.    Plaintiff Will Not Be Unfairly Prejudiced. .................................................... - 7 -

      D.    No Continuance Is Necessary. ........................................................................ - 9 -

IV.   CONCLUSION.................................................................................................. - 9 -

i

## TABLE OF AUTHORITIES

**CASES**

*Alcatel USA Resources, Inc. v. Microsoft Corp.*,
   No. 6:06-cv-500, 2008 WL 11348444 (E.D. Tex. Oct. 3, 2008)................................................6

*Comp. Acceleration Corp. v. Microsoft Corp.*,
   481 F. Supp. 2d 620 (E.D. Tex. 2007)......................................................................................9

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
   No. 2:14-cv-911-JRG, Dkt. 421 (E.D. Tex. Mar. 21, 2016).......................................................6

*E-Watch Inc. v. Apple Inc.*,
   No. 2:13-cv-1061-JRG-RSP, Dkt. No. 230 (E.D. Tex. Dec. 5, 2014).......................................8

*Garrity Power Servs. LLC v. Samsung Elecs. Co.*,
   No. 2:20-CV-00269-JRG, 2021 WL 4894262 (E.D. Tex. Oct. 19, 2021)................................8

*Lionra Techs. Ltd. v. Fortinet, Inc.*,
   No. 2:22-cv-0322-JRG-RSP, 2024 WL 406514 (E.D. Tex. Feb. 2, 2024)...........................5, 6

*Maxell Ltd. v. Apple Inc.*,
   No. 5:19-CV-00036-RWS, 2020 WL 10456917 (E.D. Tex. Feb. 24, 2020)....................4, 5, 7

*Mondis Tech., Ltd. v. LG Elecs., Inc.*,
   No. 2:07-CV-565-TJW-CE, 2011 WL 2149925 (E.D. Tex. May 5, 2011)..............................8

*Optronic Scis. LLC v. BOE Tech. Grp. Co.*,
   No. 2:23-cv-00549-JRG, 2025 WL 1509150 (E.D. Tex. May 27, 2025)........................ passim

*Telcom Ventures LLC v. Samsung Elecs. Co., Ltd.*,
   No. 2:24-CV-00691-JRG, 2026 WL 1103442 (E.D. Tex. Apr. 23, 2026) ...............................6

*Uniloc 2017 LLC v. Google LLC*,
   No. 2:18-cv-493-JRG-RSP, 2019 WL 6465318 (E.D. Tex. Dec. 2, 2019) ..............................6

**STATUTES**

35 U.S.C. § 112............................................................................................................................4

Pursuant to Local Rule 3-6(b), Defendant Cisco Systems, Inc. ("Cisco") respectfully moves for leave to amend their January 9, 2026, P.R. 3-3 Invalidity Contentions and Ineligibility Contentions ("Original Invalidity Contentions") for good cause. Plaintiff Vusura Technology LLC ("Plaintiff" or "Vusura") does not oppose.

Cisco seeks leave to narrow Cisco's invalidity theories as a result of Cisco's *Sotera* stipulation made in conjunction with Cisco's February 24, 2026 *inter partes* review (IPR) petition, IPR2026-00255, with the Patent Trial and Appeal Board (PTAB).

Cisco's supplementation also seeks to amend the previously disclosed invalidity theories relating to Cisco's ICM / IP Contact Center Enterprise Solution (IPCC) product by adding supporting evidence that clarifies its theories ("Supplemental Invalidity Contentions").

Good cause supports Cisco's motion. First, Cisco acted diligently to identify and locate additional evidence supporting its invalidity theories regarding the IPCC product. Second, the Supplemental Invalidity Contentions are important because they are highly relevant and provide additional evidence supporting Cisco's invalidity defenses against Plaintiff's infringement claims. Third, Plaintiff will not be prejudiced by the proposed amendment. Indeed, Plaintiff does not oppose this motion or Cisco's amendments. Cisco's Original Invalidity Contentions gave Plaintiff notice of the IPCC product, and this case remains at an early stage. The first claim construction exchanges do not start until September 2026 and fact discovery does not close until February 2027. Moreover, Cisco does not seek to add new invalidity theories; rather, Cisco seeks only to provide additional corroborating evidence supporting invalidity theories previously disclosed. Plaintiff therefore has had—and will have—sufficient time to evaluate and address the additional evidence regarding this product before any case critical deadlines, without any need to alter the existing case schedule.

- 1 -

## I.      BACKGROUND

Vusura asserts three patents—U.S. Patent Nos. 7,418,092 (the "'092 Patent"); 10,198,741 (the "'741 Patent"); and 11,227,303 (the "'303 Patent") (collectively, the "Asserted Patents")—against Cisco's cloud-based contact center products, Webex Contact Center and Webex Contact Center Enterprise (the "Accused Products").

Cisco is a multinational corporation with nearly one hundred thousand employees and has offered contact center technologies for decades. Recognizing that those historical products could be highly relevant prior art, Cisco promptly began investigating them at the outset of the case. That investigation was substantial. It required Cisco to identify personnel with knowledge of decades-old systems, locate historical technical materials, and evaluate legacy contact center products that are now more than twenty years old.

As a result of its early investigation, Cisco was able to identify and timely disclose the relevant Cisco IPCC prior art, in its Original Invalidity Contentions served on January 9, 2026, pursuant to the Court's First Amended Docket Control Order. Dkt. No. 31. Cisco's Original Invalidity Contentions specifically identified Cisco's IPCC as invalidating prior art for each of the Asserted Patents. Cisco also served claim charts disclosing Cisco's Intelligent Contact Management ("ICM") systems and related Cisco IPCC functionality for the '092 and '741 Patents.

Cisco continued its efforts to uncover additional evidence regarding these prior art systems and located a repository of more than 75,000 documents relating to Cisco's contact center products. Cisco collected the repository and, on January 23, 2026, informed Vusura that it had collected historical documents related to the previously disclosed prior art systems. Cisco's letter also advised Vusura that Cisco would produce the documents promptly and that Cisco would be supplementing its invalidity contentions to incorporate the additional evidence for

these previously disclosed systems. Cisco produced the documents to Vusura on January 30, 2026.

In the interim, and continuing after production, Cisco's counsel immediately began reviewing and sorting through the 75,000 documents to identify relevant prior art products and supporting evidence. Given the volume of materials, the number of different products, their age, and the technical complexity of the underlying contact systems, the review required significant time and effort. These documents also helped Cisco identify a relevant prior art witness. Cisco's counsel promptly pursued that lead, traveling to Boxborough, Massachusetts on March 13, 2026, to interview the witness in person—a long-tenured Cisco employee with technical expertise in legacy Cisco systems. Counsel used that meeting to further investigate Cisco's historical contact center products, including IPCC, and continued working with this witness throughout March and April 2026 to collect additional evidence regarding the IPCC product.

Finally, Cisco's counsel worked promptly with Cisco's technical expert to evaluate these additional materials. Counsel met with Cisco's designated expert, Mr. James Bress, on May 1, 2026, to discuss the proposed supplemental contentions.

The result of that continued diligence led to Cisco's Supplemental Invalidity Contentions. The Supplemental Invalidity Contentions do not add new prior art theories. Rather, they provide additional, clarifying detail and documentary support for the same IPCC prior art that Cisco timely disclosed in its Original Invalidity Contentions. On May 14, 2026, Cisco provided Plaintiff with the supplemental claim charts for the Asserted Patents, explaining that the charts merely supplemented Cisco's prior disclosures with additional documentary evidence and did not advance any new theories of invalidity.

On June 2, 2026, Cisco withdrew the indefiniteness positions it raised for the '303 Patent in its Original Invalidity Contentions and stipulated that it would not pursue any indefiniteness ground under 35 U.S.C. § 112 against any claim of the '303 Patent. Cisco also stipulated that, if its February 24, 2026 IPR petition challenging claims 1–25 of the '303 Patent is instituted, Cisco will not pursue the specific invalidity ground raised in the petition, or any other invalidity ground that Cisco raised or reasonably could have raised in that petition.

On June 5 and June 11, 2026, Plaintiff stated it was not opposed to Cisco's Motion for Leave to Amend its Invalidity Contentions. Cisco filed this motion shortly thereafter.

## II.    LEGAL STANDARD

Local Patent Rule 3-6(b) allows a party to amend its invalidity contentions "by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). Good cause requires a showing of diligence. *Optronic Scis. LLC v. BOE Tech. Grp. Co.*, No. 2:23-cv-00549-JRG, 2025 WL 1509150, *5 (E.D. Tex. May 27, 2025) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467, F.3d 1355, 1366 (Fed. Cir. 2006)). In determining whether good cause exists, the court considers four factors: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2020 WL 10456917, *1 (E.D. Tex. Feb. 24, 2020).

## III.    ARGUMENT

The Court should grant Cisco leave to serve its Supplemental Invalidity Contentions because each good cause factor weighs in favor of allowing leave to supplement.

A.       **Cisco Exercised Diligence in Discovering Additional Evidence of Invalidity and Revising to Address *Sotera* Stipulation.**

Cisco was diligent at every stage: it began investigating its historical contact center products at the outset of the case, timely disclosed IPCC in its Original Invalidity Contentions, and promptly supplemented those contentions after further investigation uncovered additional supporting evidence for that same prior art. Courts recognize the difficulty in developing invalidity contentions based on prior art systems because the relevant evidence often must be gathered through fact discovery and historical technical materials—not simply from the face of a patent or other printed publications. *Lionra Techs. Ltd. v. Fortinet, Inc.*, No. 2:22-cv-0322-JRG-RSP, 2024 WL 406514, *2 (E.D. Tex. Feb. 2, 2024) ("The development of fulsome contentions as to system references necessarily requires more fact discovery than those based on patents or other printed publications, and thus will take more discovery and time to develop."); *Optronic Sciences LLC*, 2025 WL 1509150 at *4. *See also Maxell Ltd.*, 2020 WL 10456917 at *2 ("The Court … appreciates the difficulty of discovering all relevant prior art and supplemental materials.").

Cisco undertook precisely that kind of diligent investigation. Cisco's IPCC product is decades-old Cisco technology involving numerous components and features and historical technical materials. Cisco had to identify knowledgeable personnel, collect and review a substantial repository of legacy documents, and work with witnesses and its technical expert to understand the relevant product functionality dating back more than 20 years.

Cisco now seeks leave only to supplement the evidentiary support for that same disclosed IPCC prior art with additional, clarifying detail and to revise the cover pleading to reflect the narrowing effect of Cisco's *Sotera* stipulation, which Cisco promptly disclosed to Plaintiff on June 2, 2026. Courts in this District have routinely allowed amendments to bolster supporting

evidence concerning prior art products identified in original invalidity contentions. *See, e.g., Optronic Sciences LLC*, 2025 WL 1509150 at \*2 (granting leave to amend to supplement its evidence supporting previously disclosed theories relating to products identified in original invalidity contentions); *Lionra Techs. Ltd.* 2024 WL 406514 (same); *Telcom Ventures LLC v. Samsung Elecs. Co., Ltd.*, No. 2:24-CV-00691-JRG, 2026 WL 1103442, \*2 (E.D. Tex. Apr. 23, 2026). Accordingly, because Cisco timely disclosed IPCC, continued diligently developing the supporting record for that same prior art, and promptly sought to conform its cover pleading to its narrowed invalidity positions, the diligence factor weighs strongly in favor of amendment.

### B. The Amendment Is Important Because it Includes Additional Evidence That the Asserted Patents Are Invalid.

The importance factor strongly favors amendment. This Court has regularly recognized that "[p]rior art references rendering a patent invalid are important," and that their importance weighs in favor of granting leave to supplement. *See Alcatel USA Resources, Inc. v. Microsoft Corp.*, No. 6:06-cv-500, 2008 WL 11348444, \*2 (E.D. Tex. Oct. 3, 2008); *Uniloc 2017 LLC v. Google LLC*, No. 2:18-cv-493-JRG-RSP, 2019 WL 6465318, at \*2 (E.D. Tex. Dec. 2, 2019); *see also Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-cv-911-JRG, Dkt. 421 (E.D. Tex. Mar. 21, 2016) (finding new references were "important to a full and fair resolution of the validity question in this case."). This Court has further recognized that amendments clarifying and explaining references already disclosed and charted in invalidity contentions are sufficiently important and weigh heavily in favor of granting leave to amend. *Optronic Sciences LLC*, 2025 WL 1509150, at \*4; *see also Lionra Techs. Ltd.*, 2024 WL 406514, at \*2 (recognizing amendments adding evidence to supporting already disclosed prior art products were important where the products were central to defendant's invalidity case).

- 6 -

Cisco's requested amendments concerning the IPCC product are important for several reasons. First, the prior art IPCC product is an earlier version of one of the two Accused Products, making it central to Cisco's invalidity case. Further, as reflected in the amended claim charts, the IPCC product anticipates and/or renders obvious each asserted claim of the Asserted Patents. The additional evidence cited in those charts provides further evidence of the IPCC products' functionality and provides additional support for Cisco's existing invalidity theories, helping the trier-of-fact understand how the IPCC product invalidates the alleged inventions.

Cisco's proposed cover pleading revisions are important for the same reason: they clarify the invalidity issues that remain in the case. After its *Sotera* stipulation, Cisco narrowed the invalidity grounds it will pursue. The proposed revisions conform Cisco's operative contentions to those narrowed positions, remove theories Cisco has agreed not to pursue, and ensure the parties and the Court have a clear statement of the invalidity issues that remain for discovery, expert analysis, and trial.

Allowing supplementation will therefore sharpen the issues for the parties, promote efficient discovery, preserve judicial resources, and assist in the full and fair resolution of the validity questions in this case. The importance factor strongly favors granting Cisco leave to supplement.

### C.    Plaintiff Will Not Be Unfairly Prejudiced.

Plaintiff will not suffer any prejudice from this Court granting Cisco's motion, and Vusura's non-opposition (confirmed June 5 and June 11, 2026) is compelling evidence it sees no unfair prejudice. The question before the Court is not whether the proposed amended invalidity contentions are prejudicial, but whether they are "*unfairly* prejudicial." *Maxell*, 2020 WL 10456917 at *3 (emphasis in original). Where a plaintiff has been on notice of a prior art reference since the original contentions, amendments to cite additional evidence as to that prior

art are not unfairly prejudicial. *Garrity Power Servs. LLC v. Samsung Elecs. Co.*, No. 2:20-CV-00269-JRG, 2021 WL 4894262, *3 (E.D. Tex. Oct. 19, 2021) ("Plaintiff has been on notice of the Fulton System since Defendants' original contentions, and accordingly, the Court is not persuaded that Defendants' citation to additional evidence during expert discovery is not prejudicial."). Likewise, Plaintiff is not unfairly prejudiced by amendments to prior claim charts that do not introduce new invalidity theories. *Mondis Tech., Ltd. v. LG Elecs., Inc.*, No. 2:07-CV-565-TJW-CE, 2011 WL 2149925, *4 (E.D. Tex. May 5, 2011) ("The prejudice to Mondis is not significant. InnoLux is not adding any new prior art references but instead only clarifying the theory with respect to the DDM reference."). Clarifying previously disclosed positions and providing additional detail regarding those positions cannot unfairly prejudice Plaintiff. *See id*.

The early stage of this case further weighs in favor of granting leave to amend. The parties are not set to exchange claim terms until September 1, 2026; the *Markman* hearing is set for January 5, 2027; fact discovery does not close until February 22, 2027; expert discovery does not close until March 29, 2027; and trial is set for July 12, 2027. Dkt. No. 31. Courts regularly find that early supplementation—particularly before claim construction proceedings and well before the close of discovery—does not cause unfair prejudice. *See, e.g., Optronic Scis. LLC*, 2025 WL 1509150 at *5 ("Any prejudice Plaintiff would suffer is alleviated by the fact that Plaintiff had notice of Defendant's proposed supplemental invalidity contentions *before* any claim construction exchanges."); *E-Watch Inc. v. Apple Inc.*, No. 2:13-cv-1061-JRG-RSP, Dkt. No. 230 at 3 (E.D. Tex. Dec. 5, 2014) (finding no "substantial prejudice" in granting pre-*Markman* supplementation of invalidity contentions).

In short, Plaintiff has had—and will continue to have—a considerable amount of time to review and study the handful of references during the ongoing discovery period without any need

to delay case deadlines. *Optronic Scis. LLC*, 2025 WL 1509150 at *5. Notably, Plaintiff has not sought any discovery relating to the IPCC product and does not oppose this motion. Therefore, there is no prejudice to Plaintiff.

### D.    No Continuance Is Necessary.

No continuance is necessary. Cisco served its amended contentions well before claim construction proceedings will begin, and substantial time remains in fact discovery and expert discovery. *See Optronic Sciences LLC*, 2025 WL 1509150 at *5; *Comp. Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 625-26 (E.D. Tex. 2007) (finding a "lack of unfair prejudice and [] ample time for a response by [Plaintiff] without disrupting the court's schedule" where the claim construction hearing was set about a month away, four months remained before the discovery deadline, and Plaintiff was aware of the prior art reference). Therefore, this factor weighs strongly in favor of granting leave.

## IV.    CONCLUSION

For the foregoing reasons, Cisco respectfully requests that the Court grant its Unopposed Motion for Leave to Amend its Invalidity Contentions.

Dated: June 18, 2026

Respectfully submitted,


/s/ *Sarah E. Piepmeier*
Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105-3204

Ryan B. Hawkins, Bar No. 256145
RHawkins@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080

Theresa H. Nguyen, Bar No. 53296
RNguyen@perkinscoie.com
Samantha Carl, Bar No. 61420
SCarl@perkinscoie.com
PERKINS COIE LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804

Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillsamsmithlaw.com
Gillam & Smith LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Attorneys for Defendant CISCO SYSTEMS,
INC.

1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served June 18, 2026 to all counsel of record, via the Court's CM/ECF system.

*/s/ Melissa Smith*
Melissa Smith

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendant met and conferred with counsel for Plaintiff. Counsel for Plaintiff indicated that it is unopposed to this motion during the June 18, 2026 meet and confer conducted by telephone and via electronic mail on June 5 and June 11, 2026.

*/s/ Ryan Hawkins*
Ryan Hawkins

2